UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES A. SMITH, III, a natural person,
and JILL A. SMITH, a natural person,

    Plaintiffs,

v.                                                  Case No. 1:11-CV-866

BANK OF AMERICA, N.A., as Trustee of          HON. GORDON J. QUIST
the STRUCTURED ASSET INVESTMENT
LOAN TRUST, SERIES 2004-11, and
AMERICAN HOME MORTGAGE
SERVICING, INC., a Delaware corporation

    Defendants.
_____/

**OPINION**

On or about June 28, 2011, Plaintiffs, Charles A. Smith and Jill A. Smith, filed this lawsuit against Defendants, Bank of America, N.A., as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-11 (BOA) and American Home Mortgage Servicing, Inc. (American Home). The Smiths filed suit after BOA foreclosed upon their house and after the redemption period had expired. The Smiths' three-count complaint alleges: "declaratory judgment" against BOA (Count 1); fraud against American Home (Count 2); and, intentional and negligent infliction of emotional distress against BOA and American Home (Count 3). Among other relief, the Smiths ask this Court to declare BOA's foreclosure invalid. Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket no. 11.) The Smiths have filed a response, to which Defendants have replied. For the reasons set forth below, Defendants' motion to dismiss will be granted and the Smiths' complaint will be dismissed.

## I. BACKGROUND

The following factual background comes from the allegations in the Smiths' complaint and the attached exhibits.[1]

This matter arises out of a dispute over a mortgage on the property commonly known as 600 Greentree Lane, Ada, Michigan 49301. On October 7, 2004, the Smiths entered into a mortgage agreement with a non-party bank, Prime Lending, which was secured by the property. On September 8, 2010, Prime Lending attempted to assign the mortgage to BOA. (Compl. Ex. B, Assignment of Mortgage.) "American Home as the servicing agent for Prime Lending, acted as 'attorney in fact' in executing" the assignment. (*Id.* ¶ 8.) The assignment was recorded with the Kent County Register of Deeds. (*Id.* ¶ 10.)

The assignment was purportedly executed by Arthur Simmons, a representative of American Home, and notarized by Sonya F. Williams, of Duval County, with no state specified. Sonya Williams is a known "robo-signer" of documents; that is, a name or entity that is associated with the misuse and fraudulent use of notarization. (*Id.* Ex. C, Affidavit of James Walker.) The notarization did not meet the requirements of a valid notarization. (*Id.* ¶ 12.) Moreover, attempts to verify Arthur Simmons' status as an authorized representative of American Home have been unsuccessful.

The Smiths defaulted on their mortgage. On December 1, 2010, BOA consummated a non-judicial foreclosure by advertisement on the property. On June 1, 2011, the Smiths' redemption period expired. On or about June 28, 2011, the Smiths filed this lawsuit.

---

[1] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts recognize an exception for documents attached to or referenced in the complaint. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

## II. MOTION STANDARD

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949.

## III. ANALYSIS

### A. Count 1 - "Declaratory Judgment" against BOA

Count 1 alleges that the assignment to BOA was invalid because it violated either the Michigan Public Notary Act or a Florida statute governing notarization. The Smiths argue that, because of the faulty notarization, the assignment by which BOA received the Smiths' mortgage was invalid as a matter of law. The Smiths argue that BOA did not have standing to commence foreclosure proceedings against the Smiths because BOA never actually held the mortgage. Even though the complaint does not say as much, the Smiths' response brief clarifies that Count 1 is premised on BOA's alleged wrongful foreclosure due to noncompliance with M.C.L. § 600.3204.

3

BOA argues that the Smiths do not have statutory standing to assert a claim for wrongful foreclosure because the Smiths did not file their lawsuit within Michigan's six-month redemption period. Indeed, the Smiths did not file their complaint until almost a month after their redemption period expired. (Compl. ¶ 17.)

"The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement . . . in the absence of a clear showing of fraud, or irregularity." *Awad v. GMAC*, 2012 WL 1415166, at *2 (Mich. Ct. App. Apr. 24, 2012) (quoting *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942)) ("If the mortgagor does not redeem the property within the requisite period, the purchaser of the sheriff's deed is vested with 'all the right, title, and interest' in the property." (citing M.C.L. § 600.3236)). "The *Piotrowski* standard has consistently been applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period." *Snell v. Wells Fargo Bank*, 2012 WL 1048576, at *2 (E.D. Mich. Mar. 28, 2012) (citing cases).

Thus, since the Smiths' redemption period expired before they filed their lawsuit seeking to invalidate BOA's foreclosure, the Smiths cannot challenge the foreclosure unless they make a clear showing of fraud or irregularity in the foreclosure. The Smiths allege two irregularities in the foreclosure proceedings.[2] They argue that because of the allegedly defective assignment by which BOA received the mortgage, BOA's foreclosure did not comply with both M.C.L. § 600.3204(1)(d) and § 600.3204(3). (Pls.' Resp. at 8.)

In relevant parts, M.C.L. § 600.3204 states:

(1)(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

---

[2] The Smiths also allege fraud in Count 2, but that claim is dismissed for the reasons discussed below.

> . . .
> (3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage.

M.C.L. §§ 600.3204(1)(d) & (3).

First, even though the Smiths cite M.C.L. § 600.3204(3), they do not argue that a record chain of title did not exist which evidenced the assignment of the mortgage to BOA. In fact, the Smiths attach to and reference in their complaint the assignment, which was recorded with the Kent County Register of Deeds. (Compl. ¶ 10 & Ex B (Docket no. 1-1, Page ID #45).) The assignment unambiguously assigns the Smiths' mortgage to BOA. Thus, regardless of whether the assignment was valid, a record chain of title existed prior to the foreclosure evidencing the assignment of the mortgage to BOA, and, therefore, the foreclosure satisfied M.C.L. § 600.3204(3). *See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010), *cert. denied*, --- U.S. ---, 131 S. Ct. 1696, 179 L.Ed.2d 645 (2011); *Talton v. BAC Home Loans Servicing LP*, — F. Supp. 2d —, 2012 WL 855975, at *6 (E.D. Mich. Mar. 7, 2012).

The Smiths also argue that BOA did not have the authority to foreclose because it was not the holder of the mortgage. *See* M.C.L. § 600.3204(1)(d). The Smiths contend that BOA was not the record holder of the mortgage because the assignment was forged and was improperly notarized. This argument fails as a matter of law because, under Michigan law, a nonparty to a mortgage assignment cannot challenge that assignment. *Livonia Properties*, 399 F. App'x at 102. In addition, the Smiths do not plead or argue that any exception to this rule applies to protect them from having to pay the same debt twice. *See id.* (explaining the limited circumstances where obligors can challenge an assignment, which exist to protect the obligor from having to pay the same debt twice). Therefore, the Smiths cannot challenge the assignment to BOA. *See also Jarbo v. BAC Home Loan Servicing*, 2010 WL 5173825, at *8 (E.D. Mich. Dec. 15, 2010) ("The *Livonia Properties* court also

rejected an argument . . . [that] a defective or flawed assignment corrupts the chain of title and precludes the defendant's standing to foreclose under Michigan's foreclosure by advertisement statute.")

Finally, the Smiths' argument fails because the Michigan Supreme Court recently clarified that a record chain of title holder meets the requirements of M.C.L. § 600.3204(1)(d).

> [A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).

*Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 909, 805 N.W.2d 183, 183 (2011). Here, the complaint alleges that the assignment to BOA was filed with the Kent County Register of Deeds. (Compl. ¶ 10.) Hence, taking the allegations in the complaint as true, BOA was the record holder of the Smiths' mortgage. Thus, according to *Residential Funding*, BOA satisfied M.C.L. § 600.3204(1)(d) because it had an interest in the indebtedness.

Therefore, Count 1 does not state a claim for which relief can be granted because, according to the allegations in the complaint, BOA's foreclosure satisfied M.C.L. § 600.3204.

### B.     Count 2 - Fraud by American Home

Count 2 alleges that American Home committed fraud by purposely failing to comply with statutory notarization requirements. (Compl. ¶ 24.) In addition, the Smiths claim that other instances of fraud may be revealed during discovery. (*Id.* ¶ 25.)

To state a claim for fraud, the Smiths must allege: (1) that a defendant made a material representation; (2) that it was false; (3) that when the defendant made it, the defendant knew that it was false, or made it recklessly, without any knowledge of its truth as a positive assertion; (4) that the defendant made it with the intention that it should be acted upon by the Smiths; (5) that the

6

Smiths acted in reliance upon it; and (6) that the Smiths thereby suffered injury. *Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 404, 617 N.W.2d 543, 546 (2000); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100-01 (6th Cir. 2010). Each of the above elements must be established by the plaintiff by clear, satisfactory and convincing evidence. *Youngs v. Tuttle Hill Corp.*, 373 Mich. 145, 147, 128 N.W.2d 472, 473 (1964).

Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud," although "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Sixth Circuit interprets Rule 9(b) as requiring a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). In other words, a party alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quotation omitted).

It is not plausible that the Smiths relied upon the notarization to their detriment. *See Fortson v. Fed. Home Loan Mortg. Corp.*, 2012 WL 1183692 (E.D. Mich. Apr. 9, 2012) ("Here, plaintiff's fraud claim is facially implausible. The court cannot draw the reasonable inference that Wells Fargo intentionally misrepresented that it was the servicer of the loan so that plaintiff would rely on this misrepresentation, or more importantly, how plaintiff relied on this misrepresentation to her detriment."). If anyone relied upon the false notarizations, it was the assignees of the mortgage, not the Smiths. Furthermore, as stated previously, even if the Smiths relied upon a forged notarization, they did not do so to their detriment because the reliance caused them no harm; BOA still had a lawful right to foreclose upon their property.

Finally, the Smiths' fraud claim is an attempt to set aside BOA's foreclosure. For the reasons as discussed in Count 1, Count 2 fails because the lawsuit was filed after the redemption period expired and the Smiths do not allege a clear showing of fraud or irregularity in the foreclosure process.

Therefore, Count 2 does not state a claim for which relief can be granted.

### C.     Count 3 - Negligent and Intentional Infliction of Emotional Distress

In Michigan, negligent infliction of emotional distress does not apply beyond the situation where the plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result. *Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629, 504 N.W.2d 715, 720 (1993). The Smiths do not allege that they witnessed negligent injury to a third person.

To establish a claim for intentional infliction of emotional distress, the Smiths must allege: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (1999).[3] The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* "[A]ctions taken to foreclose on a mortgage generally do not rise to the level of extreme and outrageous conduct." *Robbins v. Mortg. Elec. Registration Sys. Inc.*, 2009 WL 3757443, at *8 (W.D. Mich. Nov. 9, 2009); *see also Ursery v. Option One Mortg. Corp.*, 2007 WL 2192657, at *16 (Mich. Ct. App. July 31, 2007) ("Here, the essence of Ursery's argument is that Option One breached contracts with him in various ways and foreclosed on his property. This type of activity does not rise to the level of conduct necessary to satisfy the standard [for extreme and outrageous

---

[3] "Although the Michigan Supreme Court has not recognized IIED claims, this Court has assumed that it will do so." *Ogle v. Hocker*, 279 F. App'x 391, 400 (6th Cir. 2008) (citing *Andrews v. Prudential Sec., Inc.*, 160 F.3d 304, 309 (6th Cir. 1998)).

conduct] in Michigan case law."). "It has been said that the case is generally one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Doe v. Mills*, 212 Mich. App. 73, 91, 536 N.W.2d 824, 834 (1995).

Count 3 is dismissed because it merely states the elements of an IIED claim couched in factual conclusory statements. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. In addition, the complaint does not allege facts that suggest BOA or American Home engaged in extreme and outrageous conduct. Therefore, Count 3 will be dismissed.

### IV. CONCLUSION

Therefore, Defendants' motion to dismiss (docket no. 11) is granted, and the complaint will be dismissed.

A separate Order will issue.


Dated: May 10, 2012          /s/ Gordon J. Quist
                             GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE